Blandford, J.
1. Although a request to charge may have been, in the main, correct, yet where it was long, argumentative, and in part in *399 correct, and the court gave the jury the law on the points involved therein as favorably as the accused was entitled to expect, a refusal of the request will not cause a new trial.
(a) If the accused, who was arraigned for the murder of his wife, was drunk, and in consequence thereof did not know her or comprehend the nature of the act he committed, he would be responsible therefor, and would be a person of sound memory and discretion within the meaning of the law. If the drunkenness produced a temporary frenzy, madness or unsoundness of mind in the accused, he would not be excused or held irresponsible for the act done by him while laboring under such temporary insanity, madness or unsoundness of mind thus produced, it being his own voluntary act. But if the mania, insanity or unsoundness of mind, though produced by drunkenness be permanent and fixed, so as to destroy all knowledge of right and wrong, then the person thus laboring under these infirmities would not be responsible. 31 Ga„, 424; 1 Hale P. C., 32; 4 Coke, 125 (a); 4 Bl. Com. p. 26; Code, §4301.
2. Where a request to charge was fully covered by the general charge given, it was not necessary for the court to charge such request.
3. Where the defendant shot two persons at the same time, upon his trial for the murder of one of them, it was not admissible to show that the other stated to a third person a short time after the shooting that the defendant did the killing, ‘'but would not have done it if he had been in his right mind.” Such a statement was immaterial and was not a statement of fact constituting a part of the res gestns, but was a .mere expression of opinion.
4. There was no error in refusing to admit testimony that, prior to the homicide, when the defendant purchased a bottle of whisky, he said he was going to quit, and that was the last drop he ever expected'to drink. Such testimony was immaterial.
5 Where the court, in opening his charge to the: jury, stated that ■momentous issues were involved in the case; on the one side, the good order, peace and security of society, and on the other the life and liberty of the defendant, and then proceeded to state the precise issues involved in the case, which he did fully and fairly, and cautioned the jury not to let prejudice, passion or excitement deprive the prisoner of any right to which he was intitled, the opening statement did no harm and will not require a new trial. 31 Ga„ 424,
6. The court correctly instructed the jury that malice was the deliberate intent unlawfully to take human life, whether it sprang from hatred, ill will or revenge, ambition or avarice, or a.mere frenzy of • drunkenness.
7. There was no error in charging that the law presumes every" *400 person to be of sound mind, and the burden is upon the defendant to satisfy the jury, by evidence, to a reasonable certainty, that he was not of sound mind at the time of the commission of the act. 45 Ga., 64, 225; 56; Id. 463; Danforfch’s case (last term). 1 G-a., Law Reporter,-225.
Henry Jackson; E. K. Lumpkin ; Pope Barrow, for plaintiff in error.
Clifford Anderson, attorney general, by J. H. Lumpkin; W. S. Erwin, solicitor general, by Frank L. Haralson; Claud Estes; O. D. Phillips; H. L. Patterson, for the State.
8. The eleventh ground of the motion for new trial contains certain remarks in respect to the human mind which might well have been dispensed with, but they were in no manner calculated to hurt or injure the accused.
9. There was no error in telling the jury to take the case without any preferences.on their part, without any desire to convict an innocent man or to aquit a guilty one, but with the sole purpose of vindicating the law and finding the truth of the case.
10. The charge, as a whole, was a full and fair presentation of the law bearing upon the issues in the case. The case of the accused was fairly tried, and the law was as favorably expounded in his behalf as he had any right to demand.
11. The facts in this case show that the defendant murdered his wife without any cause or provocation, while in a state of drunkenness-produced and brought on voluntarily, without excuse or palliation; and the verdict of imprisonment for life is more merciful than he had a right to expect.
Judgment affirmed.